# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (Northern Division)

|  |  |
|---|---|
| RODERICK C. BRITTINGHAM | * |
| DEBORAH A. BRITTINGHAM | * |
| 113 Wyndcrest Avenue | |
| Baltimore, Baltimore County, Maryland 21228, | * |
| | |
| *Individually and on behalf of a* | * |
| *Class of persons similarly situated* | |
| | * |
| Plaintiffs, | |
| | *    Case No.: _____ |
| v. | |
| | * |
| PROSPERITY MORTGAGE COMPANY | |
| 4440 Brookfield Corporate Drive | * |
| Chantilly, VA 20151 | |
| SERVE ON: | * |
| Walker Jackson Mortgage Corporation | |
| c/o National Registered Agents, Inc. of MD | * |
| 836 Park Avenue | |
| Second Floor | * |
| Baltimore, MD 21201 | |
| | * |
| | |
| WELLS FARGO BANK, N.A. | * |
| 464 California Street | |
| San Francisco, CA 94104 | * |
| SERVE ON: | |
| CSC-Lawyers Incorporating Service | * |
| PO Box 526036 | |
| Sacramento, CA 95852 | * |
| | |
| | * |
| WALKER JACKSON MORTGAGE | |
| CORPORATION f/d/b/a PROSPERITY | * |
| MORTGAGE CORPORATION | |
| 11351 Random Hills Road | * |
| Fairfax, Virginia 22030 | |
| SERVE ON: | * |
| National Registered Agents, Inc. of MD | |
| 836 Park Avenue | * |
| Second Floor | |
| Baltimore, MD 21201 | * |

WELLS FARGO VENTURES, LLC          *
1 Home Campus
MAC x2401-06T                       *
Des Moines, Iowa 50328-0001
    SERVE ON:                  *
    CSC-Lawyers Incorporating Service
    7 St. Paul Street, Suite 1660       *
    Baltimore, MD 21202
                                        *
    and
                                        *

LONG & FOSTER REAL ESTATE, INC.
11351 Random Hills Road             *
Fairfax, Virginia 22030
    SERVE ON:                   *
    National Registered Agents, Inc. of MD
    836 Park Avenue             *
    Second Floor
    Baltimore, MD 21201         *

       Defendants.           *

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Roderick C. Brittingham and Deborah A. Brittingham (the "Plaintiffs" or the "Named Plaintiffs"), on behalf of themselves and all others similarly situated, as defined herein, sue Defendants Prosperity Mortgage Company ("Prosperity Mortgage"), Wells Fargo Bank, N.A. ("Wells Fargo"), Wells Fargo Ventures, LLC ( "Wells Fargo Ventures"), Walker Jackson Mortgage Corporation ("Walker Jackson"), and Long & Foster Real Estate, Inc. ("Long & Foster") for, *inter alia*, violations of and conspiracy to violate the Maryland Finder's Fee Law, violations of and conspiracy to violate the Maryland Consumer Protection Act, restitution and unjust enrichment.

**INTRODUCTION**

1.      This is a class action brought by Named Plaintiffs, on behalf of themselves and a class of similarly situated persons, seeking relief from the predatory mortgage brokering practices of the Defendants.  As set forth below, Prosperity Mortgage was formed as a "joint venture" by Walker Jackson – a wholly-owned subsidiary of The Long & Foster Companies - and Wells Fargo Ventures – a wholly owned subsidiary of Wells Fargo - in order to facilitate the collection of unlawful mortgage broker referral fees and kickbacks in violation of Maryland law.

2.      In originating the mortgage loans in the transactions of the Named Plaintiffs and the proposed Class, Defendants extended a secondary mortgage loan (generally known as a Home Equity Loan or Line of Credit) in which the operative documents identify Prosperity Mortgage as the mortgage broker.  In each of these transactions, Prosperity Mortgage was paid a "finder's fee" even though Prosperity Mortgage uniformly and consistently failed to enter into a legally required written agreement with the borrowers authorizing such a "finder's fee."  This is a clear-cut violation of Maryland's Finder's Fee Law, Md. Comm. Law Code §§ 12-801, *et seq.*, and in particular, Md. Comm. Law Code § 12-805(d)(1), (2) and (3).  The Defendants cavalierly ignored this law and the public policy of the State of Maryland through their illegal actions.

3.      This case is related to another case pending in this District – *Petry v. Wells Fargo Bank, N.A.*, Case No.: 1:08-cv-01642-WMN – in that Named Plaintiffs are suing the same Defendants as the Defendants in *Petry*, and in that the claims of Named Plaintiffs in this case are based in large part on violations of the Maryland Finder's Fee Act.  This case, however, only involves those mortgage loans that, as part of the origination, included a secondary mortgage loan obligation which named Wells Fargo as the lender, which are distinct from those mortgage loan obligations, addressed in *Petry*, where Prosperity Mortgage was the nominal lender.

4.      Here's how it worked – In each of the secondary mortgage loans, Wells Fargo is identified as the mortgage lender and Prosperity Mortgage is the mortgage broker.  Prosperity Mortgage, in each of these transactions, also is paid one or more fees – denominated as, *inter alia*, "mortgage broker" fees, "yield spread premium (YSPs)," "service release premiums," and other fees, all known collectively in Maryland as "Finder's Fees" –  by or on behalf of the borrower.  The Finder's Fees often were as high as $1,100 or more, and were paid to Prosperity for brokering the secondary mortgage loan; that is, for procuring, arranging or otherwise assisting in obtaining the secondary mortgage loan.

5.      Regardless, at no time, did Prosperity Mortgage enter into written agreements with the borrowers – which were separate and distinct from the loan documents – advising the borrowers that they would be charged one or more "Finder's Fees" for the secondary mortgage loan, as required under the Finder's Fee Law.

6.      The Defendants' scheme was designed to, and succeeded at, creating a pipeline of referrals of mortgage business from Long & Foster to Wells Fargo from which Long & Foster's parent company, The Long & Foster Companies, could take additional fees when Long & Foster performed no additional work.

7.      Named Plaintiffs bring this action on behalf of a class of persons who entered into a secondary mortgage loan which was funded by Wells Fargo where Prosperity Mortgage charged and/or collected a fee for serving as the mortgage broker.

## PARTIES

### a.      *The Named Plaintiffs*

8.      Roderick C. Brittingham and Deborah A. Brittingham, a married couple, reside in Baltimore County, Maryland.

9.      Mr. & Mrs. Brittingham purchased their home at 113 Wyndcrest Avenue, Baltimore, MD 21228, on or about April 3, 2006.  To effect this purchase, Mr. & Mrs. Brittingham entered into two mortgage loan agreements which were closed in the same transaction.

10.      Mr. & Mrs. Brittingham took out one mortgage loan – the primary mortgage – for $403,920.00, and the operative papers identify Prosperity Mortgage as the lender for that mortgage loan.

11.      Mr. & Mrs. Brittingham also took out another mortgage loan – the secondary mortgage loan – for $100,732.50 in the same transaction.  The HUD-1 Settlement Statement generated as a result of that secondary mortgage loan identifies Wells Fargo Bank, N.A. as the lender, and Prosperity Mortgage as the "mortgage broker."  **EXHIBIT 1**, HUD-1, 2nd Mortgage.

12.      Prosperity charged and collected "Finder's Fees" from Mr. & Mrs. Brittingham of at least $1,110.78 for the brokering of the secondary mortgage loan.  At no time, however, did Prosperity enter into a written agreement with Mr. & Mrs. Brittingham advising them that Prosperity would charge and collect a "Finder's Fees" for the secondary mortgage loan as required under the Finder's Fee Law.

### b.      The Co-Conspirators

13.      Co-Conspirator Prosperity Mortgage is a Minnesota general partnership, with its principal office located at 4440 Brookfield Corporate Drive, Chantilly, VA 20151.  It is owned by Wells Fargo Ventures and Walker Jackson.

14.      The partners owning Prosperity Mortgage – Wells Fargo Ventures and Walker Jackson – are jointly and severally liable for all obligations and liabilities of Prosperity Mortgage.

15.     Prosperity Mortgage is licensed to conduct mortgage loan origination business in Maryland and also in other states throughout the United States including but not limited to Pennsylvania, New Jersey, Virginia, West Virginia, Delaware, North Carolina, and Washington, DC.

16.     Upon information and belief, Prosperity Mortgage brokers thousands of mortgage loans each year.

17.     Wells Fargo Ventures is a wholly owned non-banking subsidiary of conspirator Wells Fargo Bank, N.A.

18.     Walker Jackson, formerly known as Prosperity Mortgage Corporation, is a Virginia corporation, with its principal office located at 11351 Random Hills Road, Fairfax, VA 22030.

19.     Walker Jackson is a wholly owned subsidiary of the Long & Foster Companies, Inc., which also owns Defendant Long & Foster Real Estate, Inc.

20.     Co-Conspirator Wells Fargo Bank is a California corporation. It is engaged in the business of consumer lending in Maryland and elsewhere.  Over the relevant time frame of this Complaint, Wells Fargo was a licensed mortgage lender in the State of Maryland.

21.     Co-conspirator Wells Fargo Ventures is a Delaware Limited Liability Company, with its principal place of business located at 1 Home Campus MAC x2401-06T Des Moines, Iowa 50328-0001.

22.     Co-Conspirator Long & Foster is a Virginia corporation, with its principal office located at 11351 Random Hills Road, Fairfax, VA 22030.  Long & Foster is in the business of acting as a real estate broker in residential transactions.

**JURISDICTION AND VENUE**

23.     This Court has jurisdiction over the Defendants under 28 U.S.C. §1332, as the amount in controversy in this case, including the aggregated claims of those persons falling within the class definitions set forth below, is in excess of $5,000,000.00, the Named Plaintiffs are citizens of the State of Maryland, each of the Defendants are citizens of States other than Maryland, and more than 100 persons fall within the class definitions set forth below.

24.     Venue is proper in this Court under 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claims herein occurred, and a substantial part of property that is the subject of the action is situated, within this District.

**FACTS APPLICABLE TO ALL COUNTS**

25.      "Mortgage brokers" in the State of Maryland are those "persons" who, for a fee or other valuable consideration, whether received directly or indirectly, aid or assist borrowers in obtaining mortgage loans.

26.     From the mid-1990s, Defendant Prosperity Mortgage has served as the mortgage broker in numerous transactions, including the secondary mortgage loans of Named Plaintiffs and the proposed Class.

27.     Despite its explicit role as a mortgage broker in the secondary mortgage loan transactions of Named Plaintiffs and the proposed Class, Prosperity Mortgage failed to enter into written agreements between it and Named Plaintiffs or other members of the proposed Class, separate and distinct from any other document, advising the borrowers that "finder's fees" would be charged and stating the amount of those "finder's fees," as required under the Finder's Fee Law.

28.     Accordingly, under Maryland law, Prosperity was prohibited from collecting any finder's fees from Plaintiffs, or other members of the proposed Class.

29.     Nevertheless, upon closing the mortgage loans of Plaintiffs and the proposed Class, the HUD-1 Settlement Statements in those transactions stated that Prosperity Mortgage was paid fees in each transaction.  All of the fees paid to Prosperity in the transactions of Named Plaintiffs and the other members of the proposed Class constitute "finder's fees" as that term is defined in Md. Comm. Law Code Ann. §12-801(c), as Prosperity Mortgage acted as a mortgage broker in each transaction.

30.     These finder's fees were characterized as, among other things, "mortgage broker fees." See **EXHIBIT 1,** HUD-1, Line 808.

31.     The Defendants all conspired to commit the illegal acts described above, resulting in the payment by or on behalf of Plaintiffs and the proposed Class of illegal fees. Wells Fargo, Long & Foster and Prosperity Mortgage each committed overt acts in furtherance of the conspiracy.

32.     For example, Prosperity Mortgage acted as the named mortgage broker in the transactions of Plaintiffs and the proposed Class and took finder's fees without entering into legally required agreements regarding such fees, and without disclosing those fees to borrowers as required under the law; Long & Foster had in place a policy of referring mortgage business to Prosperity Mortgage so that Prosperity Mortgage could collect illegal finder's fees to be later split with Long & Foster's parent company as an owner of Prosperity Mortgage, when Long & Foster knew that Prosperity Mortgage would broker those loans to Wells Fargo without the legally required agreements and disclosures; and Wells Fargo underwrote and funded the mortgage loans naming Prosperity Mortgage as the lender in those transactions, acted as named

lender in the same transactions, allowed Prosperity to broker loans to it in violation of the law, accepted assignment of the first mortgage loans, and arranged for the payment to Prosperity Mortgage of unlawful finder's fees, all when it knew that Prosperity Mortgage did not provide borrowers with disclosures and agreements regarding those finder's fees which would comply with the Finder's Fee Law, and when it required Prosperity to use documents which did not comply with the Finder's Fee Law and which were designed to mislead borrowers.  Moreover, the Defendants furthered the conspiracy by, among other things, entering into an agreement with each other that Prosperity Mortgage would broker mortgages without the agreements and disclosures required under the law so that it could conceal the full amount of finder's fees it was taking in the transaction until settlement; and undertaking the other acts described above.

33.     As a direct result of the illegal acts and conspiracy of Defendants, Plaintiffs and the proposed Class suffered damages and loss, including the unlawful finder's fees the Defendants tricked them into paying.

34.     Consequently, by assisting, supporting, and supplementing, instigating, advising and encouraging the illegal efforts of each other, the Defendants are each responsible as co-conspirators for the underlying damages available to the Plaintiffs and the proposed Class for the violations of each Defendant as if each Defendant had performed the illegal acts itself.

35.     Wells Fargo Ventures and Walker Jackson are jointly and severally liable as the owners of Prosperity Mortgage for all obligations of Prosperity Mortgage, and for conspiring to commit the illegal acts described herein.

36.     Upon information and belief, as of the time this Complaint is filed, Wells Fargo and/or its securitized trusts continue to hold and service many of the mortgage loans of Plaintiffs and the other members of the proposed Class that resulted from these illegal acts.

## FACTS APPLICABLE TO NAMED PLAINTIFFS

37.     On or about April 3, 2006, Mr. & Mrs. Brittingham closed a purchase transaction for a residence at 113 Wyndcrest Avenue, Baltimore, Maryland 21228.

38.     Long & Foster acted as a real estate broker, salesperson and/or agent thereof in the transaction of Mr. & Mrs. Brittingham.  Long & Foster also referred Mr. & Mrs. Brittingham to Prosperity Mortgage for mortgage financing.

39.     Prosperity Mortgage procured, arranged or otherwise assisted Mr. & Mrs. Brittingham in obtaining their mortgage loan funding in this transaction.

40.     The HUD-1 Settlement Statement for the second mortgage closed in the April 3, 2006 transaction identifies Prosperity Mortgage as the mortgage broker, and Wells Fargo as the lender. *See* **EXHIBIT 1**.

41.     Prosperity Mortgage charged a substantial finder's fee for serving its role as Plaintiffs' mortgage broker in finding Wells Fargo to fund the mortgage loan.   Among other things, Prosperity Mortgage was paid, by or on behalf of Mr. and Mrs. Brittingham, a fee described as a "mortgage broker fee" of $1,110.78.  *See* **EXHIBIT 1**, Line 808.

42.     The Plaintiffs were never provided with, and never signed or agreed to, any written mortgage broker fee agreement between them and Prosperity Mortgage, separate and distinct from any other document, setting forth the amount of the finder's fee Prosperity Mortgage would charge and collect in the transaction

43.     As a direct result of the Defendants' illegal acts, Plaintiffs suffered damages, including but not limited to the unlawful and illegal finder's fees they were tricked into paying to Prosperity Mortgage.

## CLASS ALLEGATIONS

44.     Named Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals who comprise a Class pursuant to Rule 23, defined as follows:

> All persons who entered into a secondary mortgage loan which was funded by Wells Fargo where Prosperity Mortgage charged and/or collected a fee for serving as the mortgage broker.

Excluded from the Class are those individuals who now or have ever been executives of Defendants.

45.     The Class, as defined above, is identifiable.  The Named Plaintiffs are members of the Class.

46.     The Class consists of many thousands of individuals, to the best of the information and belief of the Plaintiffs, and are so numerous that joinder of all members is clearly impracticable.

47.     There are questions of law and fact which are not only common to each of the Class but which predominate over any questions affecting only individual class members. The predominate questions include, but are not limited to:

   a.   Whether Prosperity Mortgage's practice of acting as the mortgage broker in transactions in which it took finder's fees and did not enter into a written agreement between itself and the borrower, separate and distinct from any other document, disclosing the amount of those fees, violates Maryland's Finder's Fee Law;

   b.   Whether Prosperity Mortgage's practice of acting as the mortgage broker in transactions in which it took finder's fees and did not enter into a written agreement between itself and the borrower, separate and distinct from any

other document, disclosing the amount of those fees, violates Maryland's

Consumer Protection Act;

c. Whether Prosperity Mortgage acted as a mortgage broker in the transactions of

Named Plaintiffs and the proposed Class;

d. Whether the Defendants conspired to violate the Finder's Fee Law;

e. Whether the Defendants conspired to violate the Consumer Protection Act;

f. Whether named Plaintiffs and the other members of the proposed Class are

entitled to restitution and other relief resulting from Defendants' illegal actions.

48.     The claims of Named Plaintiffs are typical of the claims of each member of the

proposed Class within the meaning of Rule 23(a)(3), and are based on and arise out of identical

facts constituting the wrongful conduct of the Defendants.

49.     The prosecution of separate actions by individual members of the Class would

create a risk of establishing incompatible standards of conduct for the Defendants, within the

meaning of Rule 23(b)(1)(A).

50.     Defendants' actions are generally applicable to the Class as a whole, and

Plaintiffs seek equitable remedies with respect to the Class as a whole within the meaning of

Rule 23(b)(2).

51.     Common questions of law and fact enumerated above predominate over questions

affecting only individual members of the Class, and a class action is the superior method for fair

and efficient adjudication of the controversy, within the meaning of 23(b)(3). The likelihood that

individual members of the Class will prosecute separate actions is remote due to the time and

expense necessary to conduct such litigation. To Plaintiffs' knowledge, no litigation on the

specific state law issues raised in this Complaint, concerning the acts of Prosperity Mortgage in

violation of Maryland Finder's Fee Act as a named mortgage broker with respect to secondary mortgages, is pending against Defendants brought by other members of the Class.

**COUNT ONE**
**<u>VIOLATIONS OF MARYLAND'S FINDER'S FEE LAW</u>**
*(Against All Defendants)*

52.     Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

53.     The secondary mortgage loan transactions entered into by named Plaintiffs and the proposed Class, that are the subject of this action, are governed by Maryland's Finder's Fee Law, Md. Com. Law Code Ann. §§ 12-801, *et seq*.

54.     Section 12-805(d) of the Finder's Fee Law mandates that "[a] finder's fee may not be charged unless it is pursuant to a written agreement between the mortgage broker and the borrower which is separate and distinct from any other document."  That section also requires that "[t]he terms of the proposed agreement shall be disclosed to the borrower before the mortgage broker undertakes to assist the borrower in obtaining a loan or advance of money and shall specify the amount of the finder's fee," and that "[a] copy of the agreement, dated and signed by the mortgage broker and the borrower, shall be provided to the borrower within 10 business days after the date the loan application is completed."

55.     Named Plaintiffs and the other members of the proposed Class did not agree to be charged or to pay finder's fees to Prosperity Mortgage in any written agreement between them and Prosperity Mortgage, separate and distinct from any other document, as required under the Finder's Fee Law.  Upon information and belief, Prosperity Mortgage has <u>never</u> delivered any such document to Named Plaintiffs or the other members of the proposed Class.

56.     Upon information and belief Prosperity Mortgage never disclosed in writing as required by the Finder's Fee Law that it either was or would be taking finder's fees from the Named Plaintiffs or the other members of the proposed Class before undertaking to assist the Named Plaintiffs or the other members of the proposed Class in obtaining loans or advances of money.

57.     Upon information and belief Prosperity Mortgage never specified the full amount of the finder's fees it would be taking from Named Plaintiffs and the other members of the proposed Class in their transactions in the manner required under the Finder's Fee Law.

58.     When Prosperity Mortgage charged and collected finder's fees in connection with the mortgages of the Named Plaintiffs and the other members of the proposed Class, it violated the Finder's Fee Law.

59.     Moreover, Wells Fargo and Long & Foster are responsible for the injuries of Plaintiffs and the proposed Class as co-conspirators.  Wells Fargo conspired with Prosperity Mortgage and Long & Foster to violate Maryland's Finder's Fee Law by committing the acts described above, assisting, supporting, and supplementing, instigating, advising, and encouraging the efforts of the mortgage broker Prosperity Mortgage to violate the Finder's Fee Law, and by acting as the named lender or accepting an assignment of each mortgage loan in the manner set forth in this Complaint.

60.     Prosperity Mortgage committed overt acts in furtherance of the conspiracy: Prosperity Mortgage acted as the named mortgage broker in the mortgage loan transactions of Named Plaintiffs and the proposed Class, and took finder's fees from Named Plaintiffs and the proposed Class without a written agreement between it and its customers, separate and distinct

from any other document, disclosing the amount of those fees, as required under the Finder's Fee Law.

61.     Wells Fargo furthered the conspiracy by, among other things, acting as the named mortgage lender in mortgage loans where Prosperity acted as mortgage broker and took finder's fees, when Wells Fargo had full knowledge that Prosperity was acting as the mortgage broker and taking finder's fees, and full knowledge that Prosperity Mortgage did not enter into mortgage broker fee agreements which complied with the requirements of the Finder's Fee Law; by underwriting and or arranging for the underwriting of those transactions; by creating documents and/or arranging for documents to be created concealing the true amount of finder's fees obtained by Prosperity Mortgage in the transaction; by funding and/or arranging for funding of those transactions; by requiring that Prosperity Mortgage take fees in those transactions; by orchestrating the plan under which Prosperity Mortgage would charge illegal finder's fees; and by undertaking the other acts described above.

62.     Long & Foster furthered the conspiracy by, among other things, performing the essential role of consistently referring borrowers to Prosperity Mortgage when it had full knowledge that Prosperity Mortgage was a mortgage broker and did not enter into mortgage broker fee agreements which complied with the requirements of the Finder's Fee Law, so that the true amount of finder's fees taken from Named Plaintiffs and the other members of the Class would not be disclosed to them consistent with the public policy of the State of Maryland, and so that the amount of fees eventually split with Long & Foster's parent company, which owns Prosperity Mortgage through a subsidiary, would be greater.

63.     As a result of the conspiracy, Plaintiffs and the members of the proposed Class suffered injuries and loss.

64.     Accordingly, Wells Fargo and Long & Foster are responsible for the underlying injuries of Plaintiffs and the proposed Class as if Wells Fargo and/or Long & Foster had performed the illegal acts themselves.

65.     Prosperity Mortgage directly violated the Maryland Finder's Fee Law as set forth above.

66.     Wells Fargo Ventures and Walker Jackson are jointly and severally liable for all obligations of Prosperity Mortgage, including its liability for violations of the Maryland Finder's Fee Law and for conspiring to violate the Maryland Finder's Fee Law.

WHEREFORE, Plaintiffs pray that:

A.     This Court order, pursuant to Md. Com. Law Code Ann. § 12-807, that Defendants return to Named Plaintiffs and the proposed Class all monies paid to Prosperity Mortgage, directly or indirectly, as finder's fees by named Plaintiffs and the members of the proposed Class in their mortgage loan transactions, and all reasonable interest thereon;

B.     This Court order, pursuant to Md. Com. Law Code Ann. § 12-807, that Defendants forfeit to named Plaintiffs and the members of the proposed Class three times the amount of the finder's fees collected, or $500, whichever is greater; and,

C.     This Court award such other and further relief as the Court deems just and proper.

## COUNT TWO
## VIOLATIONS OF MARYLAND'S CONSUMER PROTECTION ACT
*(Against All Defendants)*

67.     Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

68.     The mortgage loan transactions set forth herein are governed by the Consumer Protection Act, Md. Com. Law Code Ann. §§ 13-101, *et seq.*

69.     Section 13-303 of the Commercial Law Article prohibits unfair or deceptive trade practices in the sale of any consumer realty or the extension of consumer credit.

70.     The Consumer Protection Act defines unfair or deceptive trade practices to include, inter alia, the following:

   a.   False or misleading oral or written statements that have the capacity, tendency, or effect of deceiving or misleading consumers;

   b.   Failure to state a material fact if the failure deceives or tends to deceive; and

   c.   Deception, fraud, misrepresentation or knowing concealment, suppression or omission of any material fact concerning the sale of consumer realty or the extension of consumer credit, with the intent that the consumer rely on the deception, fraud, misrepresentation or knowing concealment, suppression or omission of the material fact.

71.     By engaging in the acts and omissions set forth above, by making the misrepresentations set forth above, and by failing to disclose material facts where the failure to do so deceived or tended to deceive, the Defendants committed unlawful trade practices, in violation of the Maryland Consumer Protection Act.  Among other things, Prosperity Mortgage failed to enter into legally required agreements with its customers regarding the amount of finder's fees it was taking in the transactions of Named Plaintiffs and the Class, in order to, and with the effect of, concealing the true amount of finder's fees collected by Prosperity Mortgage in the transaction until after they were required to be disclosed under the law – thus failing to state material facts, and suppressing material facts, concerning the transactions of Plaintiffs and the proposed Class.

72.     The Defendants' conduct as set forth above had the capacity, tendency or effect of deceiving Plaintiffs and the proposed Class, who in fact were deceived or misled, causing them injury and loss.

73.     As a result of the unfair and deceptive trade practices of the Defendants in violation of the Consumer Protection Act Plaintiffs and the proposed Class were induced to enter into mortgage loan transactions that misrepresented: (a) the legality of the transaction; (b) the role of Prosperity Mortgage in the transaction; and (c) the terms and financial conditions applicable to Plaintiffs' and the Classes' mortgage loan transactions, causing them injury and loss.

74.     The Defendants conspired to violate Maryland's Consumer Protection Act.

75.     Wells Fargo, Long & Foster and Prosperity Mortgage each committed overt acts in furtherance of the conspiracy.

76.     For example, Prosperity Mortgage acted as the named mortgage broker in the transactions of Plaintiffs and the proposed Class and took finder's fees without entering into legally required agreements regarding such fees, and without disclosing those fees to borrowers as required under the law; Long & Foster had in place a policy of referring mortgage business to Prosperity Mortgage so that Prosperity Mortgage could collect illegal finder's fees to be later split with Long & Foster's parent company as an owner of Prosperity Mortgage, when Long & Foster knew that Prosperity Mortgage would broker those loans to Wells Fargo without the legally required agreements and disclosures; and Wells Fargo underwrote and funded the mortgage loans naming Prosperity Mortgage as the lender in those transactions, acted as named lender in the same transactions, allowed Prosperity to broker loans to it in violation of the law, accepted assignment of the first mortgage loans, and arranged for the payment to Prosperity

Mortgage of unlawful finder's fees, all when it knew that Prosperity Mortgage did not provide borrowers with disclosures and agreements regarding those finder's fees which would comply with the Finder's Fee Law, and when it required Prosperity to use documents which did not comply with the Finder's Fee Law and which were designed to mislead borrowers.  Moreover, the Defendants furthered the conspiracy by, among other things, entering into an agreement with each other that Prosperity Mortgage would broker mortgages without the agreements and disclosures required under the law so that it could conceal the full amount of finder's fees it was taking in the transaction; and undertaking the other acts described above.

77.    As a result of the conspiracy, Plaintiffs and the proposed Class suffered damages and loss, including the unlawful finder's fees the Defendants tricked them into paying.

78.    Consequently, by assisting, supporting, and supplementing, instigating, advising and encouraging the efforts of each other to violate the Consumer Protection Act, the Defendants are each responsible as co-conspirators for the underlying damages available to the Plaintiffs and the proposed Class for the violations of each Defendant as if each Defendant had performed the illegal acts itself.

79.    Wells Fargo Ventures and Walker Jackson are jointly and severally liable as the owners of Prosperity Mortgage for all obligations of Prosperity Mortgage, including its liability for violations of the Maryland Consumer Protection Act, and for conspiring to violate the Consumer Protection Act.

80.    While Long & Foster acted as a real estate broker in the transactions of the Named Plaintiffs and the proposed Class, Long & Foster's unfair and deceptive actions described above in violation of the Consumer Protection Act were not undertaken within the scope of their professional services.

WHEREFORE, Plaintiffs pray that:

A.      This Court award Plaintiffs restitution in the amount equal to the finder's fees paid on the mortgage loans of the named Plaintiffs and the other members of the proposed Class, together with costs and disbursements, prejudgment interest, and any other equitable relief as determined by this Court.

B.      This Court adjudge and declare that Prosperity Mortgage's practice of failing to disclose its finder's fees to the Named Plaintiffs and the other members of the proposed Class as required by law, and then taking finder's fees, is unfair and deceptive in violation of the Consumer Protection Act.

C.      This Court award Plaintiffs and the other members of the proposed Class reasonable costs and attorney's fees as permitted by Section 13-408 of the Commercial Law Article.

D.      This Court award Plaintiffs and the other members of the proposed Class such other and further relief as the Court deems just and proper.

## COUNT FOUR
## RESTITUTION AND UNJUST ENRICHMENT
*(Against All Defendants)*

81.     Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

82.     By paying the finder's fees as described above, Plaintiffs and the other members of the proposed Class conferred a benefit in the amount of these collected overcharges upon Defendants.

83.     Defendants' acceptance of these overcharges is and was and continues to be unjust and inequitable. Defendants should not be permitted to retain the benefits of those overcharges.

84.     Plaintiffs and the other members of the proposed Class conferred these unjust benefits upon Defendants after and as a result of the misrepresentations, concealment and other misconduct of the Defendants as set forth herein.

85.     Wells Fargo Ventures and Walker Jackson are jointly and severally liable as the owners of Prosperity Mortgage for all obligations of Prosperity Mortgage, including its liability for restitution and unjust enrichment.

WHEREFORE, Plaintiffs pray that:

A.     The Court enter judgment in an amount equal to the finder's fees paid on the mortgage loan transactions of the Plaintiffs and other members of the proposed Class, together with costs, disbursements and interest and such other equitable relief as determined by the Court.

B.     The Court award such other and further relief as the Court deems just and proper.

QUINN, GORDON & WOLF, CHTD.

/s/ Richard S. Gordon
Richard S. Gordon (Fed. Bar No. 06882)
rgordon@quinnlaw.com
Benjamin H. Carney (Fed. Bar No. 27984)
bcarney@quinnlaw.com
102 West Pennsylvania Ave.
Towson, Md. 21204
Telephone: (410) 825-2300
Facsimile: (410) 825-0066

Cyril V. Smith (Fed. Bar No. 07332)
csmith@zuckerman.com
Peter M. Nothstein  (Fed. Bar No. 28068)
pnothstein@zuckerman.com
Zuckerman Spaeder LLP

100 E. Pratt St.
Suite 2440
Baltimore, MD 21202
Telephone: (410) 332-0444
Facsimile: (410) 659-0436

ATTORNEYS FOR PLAINTIFFS

## **Demand for Jury Trial**

Plaintiffs demand a trial by jury on all issues in this case.

/s/ Richard S. Gordon
Richard S. Gordon